UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHRIS LEE,

                               Plaintiff,

   v.                                                               9:23-CV-1525
                                                                             (MAD/TWD)

CORRECTION OFFICER STRICOS, et al.,

                               Defendants.

---

APPEARANCES:

CHRIS LEE
Plaintiff, pro se
21-A-1496
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

MAE A. D'AGOSTINO
United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

    The Clerk has sent to the Court for review a pro se civil rights complaint filed by plaintiff Chris Lee ("plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") asserting claims arising out of his confinement with the New York State Department of Corrections and Community Supervision ("DOCCS").  *See* Dkt. No. 1 ("Compl.").  Plaintiff, who is presently confined at Elmira Correctional Facility ("Elmira C.F."), paid the full statutory filing fee.

**II.    SUFFICIENCY OF COMPLAINT**

    **A.  Standard of Review**

1

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."[1]  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court should construe

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

The Court will construe the allegations in the complaint with the utmost leniency. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

### B. Summary of Complaint[2]

The following facts are set forth as alleged by plaintiff in his complaint.

On August 1, 2022, at approximately 4:30 p.m., plaintiff was in the hallway "outside the chow hall" at Coxsackie Correctional Facility ("Coxsackie C.F.") when he saw another inmate "being assaulted by correctional staff." Compl. at 7. Plaintiff, and other inmates, were directed to face the wall and place their hands on the wall. *Id*. Plaintiff heard the inmate scream and then "felt indignant," "came off his position" and "charged at the officers." *Id*. Plaintiff was immediately restrained, handcuffed behind his back, and was "laid face down on the floor." *Id*.

---

[2] The complaint includes exhibits. *See* Compl. at 20-30. To the extent that the exhibits are relevant to the incidents described in the complaint, the Court will consider the complaint as well as any documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

While plaintiff was restrained and "physically subdued," defendants Correction Officer Stricos ("Stricos"), and Correction Officers John Doe #1 through John Doe #5 "proceeded to savagely beat him." Compl. at 8, 11-12. Defendants punched plaintiff in his head and body and one defendant kicked plaintiff. Id. at 12. Defendant Sergeant Montgomery ("Montgomery") was present and "did absolutely nothing to stop defendants." Id. at 14-15. Plaintiff sustained a head injury and mental anguish. Id. at 8.

As a result of the incident, plaintiff was transferred to Green Correctional Facility ("Green C.F."). Compl. at 8. Defendant Nurse Vittolo ("Vittolo") refused plaintiff's request to "see a doctor," refused to acknowledge an "onslaught of recurring head seizures," and attempted to "take plaintiff's blood pressure in the presence of other [inmates] and not in private." Id. at 17.

On August 3, 2022, plaintiff received a misbehavior report. Compl. at 9, 20. Stricos charged plaintiff with assault, rioting, violent conduct, demonstration, creating a disturbance, interference, and disorderly conduct. Id. at 20. On August 20, 2022, plaintiff was found guilty of five charges and was sentenced to 341 days in the Special Housing Unit ("SHU") with a corresponding loss of packages, commissary, and good time credits. Id. at 9, 22.

Plaintiff filed a grievance against the officers involved in the August 1, 2022 incident. Compl. at 9. Plaintiff also filed a grievance against medical personnel. Id.

On September 2, 2022, plaintiff wrote a complaint claiming that Vittolo was the "person [he] wrote the grievance on is still handling [his] medication giving [him] OMH problems." Compl. at 27-28. Plaintiff claimed Vittolo, "put[ ] [his] formal complaint information out in public to [his] bunky." Id. Plaintiff claims Vittolo stated, "I hate Lee, he fabricated a grievance [against] me." Id. This caused plaintiff to suffer mental anguish. Id.

Construed liberally[3], the complaint contains the following: (1) Eighth Amendment excessive force and failure-to-intervene claims against Stricos, John Does #1 through #5, and Montgomery; (2) Eighth Amendment deliberate medical indifference claims against Vittolo; and (3) First Amendment retaliation claims against Vittolo.  *See generally* Compl.  Plaintiff seeks monetary damages.  *See id.*  For a complete statement of plaintiff's claims and the facts he relies on in support of those claims, reference is made to the complaint.

### C. Nature of Action

Plaintiff seeks relief pursuant to Section 1983, which establishes a cause of action for " 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

## III. DISCUSSION

### A. Eighth Amendment - Excessive Force and Failure to Intervene

The Eighth Amendment's prohibition against cruel and unusual punishment

---

[3]  The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

encompasses the use of excessive force against an inmate, who must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262–63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).  The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986)); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

"The Eighth Amendment [also] requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody."  *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer*, 511 U.S. at 832).  Law enforcement officials, including prison officials, can be held liable under § 1983 for failing to intervene in a situation where another official is violating an inmate's constitutional rights, including the use of excessive force, in their presence.  *Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001); *see also Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) (prison official's Eighth Amendment duty to take reasonable measures to guarantee the safety of inmates in their custody includes a duty to protect inmates from harm threatened by other officers).

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, the Court finds that plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against Stricos, John Does #1 through #5, and Montgomery survive initial review.  In so ruling, the Court expresses no opinion as to whether these claims

can withstand a properly filed dispositive motion.[4]

### B. Eighth Amendment - Deliberate Medical Indifference

Claims that prison officials have intentionally disregarded an inmate's medical needs fall under the umbrella of protection from the imposition of cruel and unusual punishment afforded by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 102, 104 (1976). The Eighth Amendment prohibits punishment that involves the "unnecessary and wanton infliction of pain" and is incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Id*.; see also *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  While the Eighth Amendment does not mandate comfortable prisons, neither does it tolerate inhumane treatment of those in confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.' " *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle*, 429 U.S. at 104).  "First, the alleged deprivation must be, in objective terms, sufficiently serious." *Id*. (internal quotation marks and citations omitted).  Addressing the objective element, to prevail a plaintiff must demonstrate a violation sufficiently serious by objective terms, "in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).  "Second, the defendant must act with a

---

[4] Because John Does 1 through 5 are not known to plaintiff, service of process cannot be effected on them unless and until these individuals have been identified by name.  If plaintiff wishes to pursue his claims against Doe defendants, he must take reasonable steps to ascertain through discovery the identity of the individuals.  Upon learning the identity of the unnamed defendants, plaintiff must amend the operative complaint to properly name the individual as a party.  If plaintiff fails to ascertain the identity of the Doe defendants so as to permit timely service of process, all claims against these individuals will be dismissed.

sufficiently culpable state of mind," *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted); that is, the plaintiff must demonstrate that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837; *see also Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) (With respect to the subjective element, a plaintiff must also demonstrate that defendant had "the necessary level of culpability, shown by actions characterized by 'wantonness.' ").

Even assuming, for the purposes of this initial review, that plaintiff's condition qualified as a serious medical need, plaintiff has failed to plead facts suggesting that Vittolo acted with the necessary culpable state of mind. To wit, the complaint lacks facts suggesting that plaintiff requested, and was denied treatment from Vittolo. While Vittolo refused plaintiff's requests to "see a doctor," it is well settled that inmates "do not have a right to choose a specific type of treatment." *See Veloz v. New York*, 339 F.Supp.2d 505, 525 (S.D.N.Y. 2004)*; see also Wright v. Conway*, 584 F.Supp.2d 604, 607 (W.D.N.Y. 2008) ("[m]edical treatment was provided to [the plaintiff] and there is no evidence to support a finding that any of the defendants ignored any serious medical need"). Plaintiff also asserts that Vittolo attempted to take plaintiff's blood pressure in the presence of other inmates. Even assuming the truth of this statement, this fact, without more, "would not meet either the objective or subjective prongs of the deliberate indifference test." *Thomas v. Westchester Cnty.*, No. 12-CV-6718, 2013 WL 3357171, at *6 (S.D.N.Y. July 3, 2013) (dismissing deliberate indifference claim based upon the allegation that the plaintiff's medical intake was performed in an open area around other inmates); *see also Swinson v. City of New York*, No. 19 CV. 11919, 2022 WL 142407, at *9 (S.D.N.Y. Jan. 14, 2022) (dismissing deliberate indifference claim where the plaintiff did not explain how the lack of private medical attention precipitated

"the risk of serious damage to [his] 'physical and mental soundness").

Simply put, these allegations do not support a viable deliberate indifference claim. Accordingly, plaintiff's Eighth Amendment claims against Vittolo are dismissed without prejudice pursuant to 28 U.S.C. § 1915(A) for failure to state a claim.

### C. Retaliation

To state a claim of retaliation under the First Amendment, a plaintiff must allege facts plausibly suggesting the following: (1) the speech or conduct at issue was "protected"; (2) the defendants took "adverse action" against the plaintiff – namely, action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights; and (3) there was a causal connection between the protected speech and the adverse action – in other words, that the protected conduct was a "substantial or motivating factor" in the defendant's decision to take action against the plaintiff. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (citing *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001)).  The Second Circuit has stated that courts must approach prisoner retaliation claims "with skepticism and particular care," since "virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized as a constitutionally proscribed retaliatory act." *Dawes*, 239 F.3d at 491, *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)); *Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir. 1988).  "[A] complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." *Flaherty*, 713 F.2d at 13.

Even assuming plaintiff engaged in protected conduct when he filed grievances,

9

plaintiff's retaliation claim is subject to dismissal because the complaint lacks facts suggesting that Vittolo's conduct was an adverse action.  Plaintiff claims that Vittolo disclosed the contents of his complaint to his cell mate.  However, without more, the Court cannot conclude that this fact would deter a "similarly situated individual of ordinary firmness from exercising his constitutional rights."  *See James v. Mosko*, No. 13-CV-5, 2016 WL 8671478, at *6 (W.D.N.Y. July 22, 2016) (reasoning that the defendant calling the plaintiff a "rat" and discussing the plaintiff's civil cases does not satisfy the second prong of a retaliation claim because the plaintiff "has not plausibly alleged that the comments risked inciting other inmates or prison employees to harm her, or that any individual did in fact injure her after having heard the comments"), *report and recommendation adopted*, 2017 WL 397474 (W.D.N.Y. Jan. 30, 2017).  Plaintiff does not claim that his cell mate, or any other inmate, harmed or threatened plaintiff based upon Vittolo's statements.  As such, the allegations are conclusory and do not support a viable retaliation claim.  *See id.*

Accordingly, plaintiff's retaliation claims against Vittolo are dismissed without prejudice pursuant to 28 U.S.C. § 1915(A) for failure to state a claim.

IV.   **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that the following claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted: (1) Eighth Amendment deliberate medical indifference claims; and (2) First Amendment retaliation

claims;[5] and it is further

**ORDERED** that the Eighth Amendment excessive force and failure-to-intervene claims against Stricos, John Does #1 through #5, and Montgomery survive the Court's sua sponte review under 28 U.S.C. § 1915A(b) and require a response; and it is further

**ORDERED** that Vittolo is **DISMISSED** as a defendant herein; and it is further

**ORDERED** that upon receipt of the documents for service from plaintiff, the Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the remaining defendants.  The Clerk shall forward a copy of the summonses and complaint to the Office of the Attorney General, together with a copy of this Decision and Order by electronic mail only; and it is further

**ORDERED** that defendants or their counsel, shall file a response to the complaint as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that plaintiff shall take reasonable steps through discovery to ascertain the identity of defendant Does.  Plaintiff's failure to timely serve these defendants will result in dismissal of the claims asserted against them and termination of these defendants from the action; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or**

---

[5]  If plaintiff wishes to pursue any claim dismissed without prejudice, he is advised to that, if accepted for filing, any amended complaint will entirely replace the original complaint and incorporation of prior claims is not permitted.

11

**the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

      **ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff, together with a copy of the complaint.

**IT IS SO ORDERED.**

Dated: February 20, 2024
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge